144 So. 119

## KEETON v. PARKER.

### 8 Div. 465.

Court of Appeals of Alabama.

Nov. 1, 1932.

Bradshaw & Barnett, of Florence, for appellant.

Raymond Murphy, of Florence, for appellee.

BRICKEN, P. J.

This suit originated in the justice of the peace court, and resulted in judgment for plaintiff. An appeal was taken to the circuit court, and on the trial in that court judgment was again rendered for plaintiff, and defendant appealed.

By assignments of error, three in number, appellant insists there is manifest error, and first complains of the ruling of the court in overruling objection to question propounded to plaintiff, Parker, while testifying as a witness in support of his complaint. Upon his direct examination Parker was asked: "Q. Now in watching this were some of those ties cut too small in order to get this timber, this lumber?" An affirmative reply to the foregoing question would probably have been invasive of the province of the jury as contended by appellant; but it affirmatively appears that the witness did not at any time answer the question in any manner; hence no injury inured to defendant. Error will not be predicated upon the action of the court in overruling objection to an unanswered question.

Under the conflicting evidence, the refusal of written charge A, made the basis of the second assignment of error, was without error. The effect of this charge was affirmative. The evidence pertaining to the subject-matter of the charge was in conflict and presented a jury question; the trial court, therefore, was without legal authority to direct a verdict, and the court properly so held. In the oral charge, the court fairly covered the law applicable to the facts upon which the charge was predicated as shown by the record. In this connection the court charged the jury as follows:

"If, on the other hand the defendant has reasonably satisfied you on his plea of accord and satisfaction, that is, that the defendant and plaintiff had an agreement about the amount and he paid him the amount and paid him in full, if the defendant has reasonably satisfied you of these facts, Gentlemen, you should find for the defendant.

"Now there is some controversy here about the check, whether the check was given in full payment or simply in part payment with an understanding between them that there was a balance due, and a difference between them as to what the amount of balance was. The Plaintiff does not deny that he received the check, but says the check was not received by him in full payment of all that was owing by the defendant. But, the defendant says he gave the check in full satisfaction of all he owed the Plaintiff, and therefore there was accord and satisfaction between them. Now if the defendant has reasonably satisfied you on his plea of accord and satisfaction it would be your duty to find for the defendant."

The remaining assignment of error is based upon the action of the court in overruling the motion for a new trial. As above stated, the evidence was in conflict. We are not prepared to say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong or unjust, and, unless this clearly appears, we would not be justified in reversing the court on its ruling in this connection.

No error of a reversible nature appearing, the judgment of the lower court, from which this appeal was taken, will stand affirmed.

Affirmed.